UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| In the Matter of:<br><br>JAMES HANKINS, Limitation Plaintiff, as Owner of a 2012 Crest By Maurell 230 Caribbean, HIN CSM01613F112,<br><br>For Exoneration From or Limitation of Liability | 3:22-CV-00425-DCLC-JEM |

**MEMORANDUM OPINION AND ORDER**

Following an injury aboard his vessel, Limitation Plaintiff James Hankins ("Hankins") brought this lawsuit to exonerate himself from liability under the Limitation of Liability Act of 1851, 46 U.S.C. § 30501, *et seq.* and the Federal Rules of Civil Procedure Supplemental Admiralty and Maritime Claims Rule F ("Rule F"). After no claimants appeared to contest the exoneration, he filed a Motion for Default Judgment [Doc. 22]. For the reasons stated below, the motion is **GRANTED**.

**I.     BACKGROUND**

Hankins is the owner of a 2012 Crest by Maurell 230 Caribbean pontoon boat [Doc. 1, pg. 1]. On May 30, 2022, Hankins alleges his son and Christopher Panfili were aboard the pontoon boat on a pleasure cruise [Doc. 1, ¶¶ 8–10]. Hankins was not present [Doc. 1, ¶ 13]. As the pontoon boat was casting off from the dock, another vessel sped by casting a wake that caused the pontoon boat to crash into the dock [Doc. 1, ¶ 11]. Panfili's hand was caught between the boat and the dock, and he suffered a partial amputation of one of his fingers as a result [Doc. 1, ¶ 11].

On November 29, 2022, Hankins filed in this Court for exoneration or limitation of liability

1

from the accident [Doc. 1]. He moved the Court for entry of an order which would require publication of a notice of this action in the newspaper the Advocate and Democrat for four consecutive weeks and mailing the notice to all known claimants [Doc. 4-2, pg. 3]. Attached to the motion was a Notice directing potential claimants to file any claims relating to the accident on or before a deadline to be set by the Court or risk default [Doc. 4-3, pg. 2]. The Court granted the motion and filed the proposed order and notice on February 8, 2023, setting the claims deadline for March 10, 2023 [Docs. 7, 9]. On March 15, 2023, Hankins filed the affidavit of newspaper representative Sharon Livingston stating that the Advocate and Democrat had published the notice for four successive weeks [Doc. 10-1, pg. 1]. He also filed a series of letters to various individuals attaching the notice, order, and Complaint [Docs. 10-2, 10-3, 10-4, 10-5, 10-6, 10-7]. Notably absent was a letter to Mr. Panfili, so the Court held a status hearing on June 14, 2023 to address the issue of notice to him of this lawsuit [Doc. 17]. Hankins' counsel agreed at the hearing to file an affidavit from Mr. Panfili, which followed on August 4, 2023 [Doc. 19]. Panfili stated he was aware of the March 10, 2023 deadline to file a claim and chose not to do so knowing that his choice would cut off his future ability to file a claim [Doc. 19-1. ¶¶ 8–11]. The Clerk entered default on October 16, 2023 [Doc. 20], and the present motion followed.

## II. LEGAL STANDARD

After the clerk has entered default against a defendant for failing to plead or otherwise defend, Federal Rule of Civil Procedure 55(b) provides that the clerk must enter default judgment on the plaintiff's request if the claim is for a sum certain supported by the plaintiff's affidavit; otherwise, the plaintiff must move the court for default judgment. Fed.R.Civ.P. 55(b). When a party has defaulted, all the well-pleaded allegations against that party are deemed admitted. *Neal Techs., Inc. v. Mike's Bulletproof Diesel*, 1:21-CV-1023-STA-jay, 2021 WL 1082536, at *1 (M.D.

2

Tenn. Mar. 18, 2021). But a court may only award such relief as the complaint requests. Fed.R.Civ.P 54(c).

### III. ANALYSIS

Hankins moves for default judgment on his claims under the Limitation of Liability Act of 1851 (the "Act"), 46 U.S.C. § 30501, *et seq.*, exonerating him from liability "for any claim whatsoever associated with his ownership of the . . . Vessel and an accident that occurred at Sequoyah Tellico Resort and Marina . . . on or about May 30, 2022" [Doc. 22, pg. 1; *see* Doc. 1, ¶ 1]. The Act "permits a vessel owner to limit its liability to the value of the vessel and its then pending freight, provided that the loss or damage is incurred without the 'privity or knowledge' of the owner." *In re Muer*, 146 F.3d 410, 414 (6th Cir. 1998) (quoting 46 U.S.C. § 30523(b)). And "if [the owner], his vessel, and crew are found to be completely free of fault," then the Act exonerates the owner. *Id.* at 416 (quoting *In re Cleveland Tankers, Inc.*, 67 F.3d 1200, 1203 (6th Cir. 1995)).

Rule F describes the procedure to obtain limitation or exoneration from liability. "Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court … for limitation of liability pursuant to statute." Fed.R.Civ.P. Supp. R. Adm. & Maritime Cl. F(1). The complaint must "set forth the facts on the basis of which the right to limit liability is asserted" and "state the voyage if any, on which the demands sought to be limited arose." Fed.R.Civ.P. Supp. R. Adm. & Maritime Cl. F(2).

Here, Hankins' allegations—deemed admitted based on the clerk's entry of default—show that he was not at fault for Panfili's injury. The injury resulted from another boat speeding by, throwing up a wake, and smashing Hankins' vessel into the dock where Panfili had unfortunately placed his hand [Doc. 1, ¶ 11]. Hankins was not aboard the vessel, [Doc. 1, ¶ 13], which was

3

Case 3:22-cv-00425-DCLC-JEM   Document 24   Filed 08/09/24   Page 3 of 5   PageID #: 296

"sound, seaworthy, properly maintained, manned, equipped and supplied, and fit and safe for her intended purpose" [Doc. 1, ¶ 24]. Hankins denies "any fault, negligence, or lack of due care on the part of [himself] or the . . . Vessel" [Doc. 1, ¶ 27].

The Court turns to the procedural requirements of Rule F. Once the court issues the notice required by the rule, the plaintiff must "publish[ the notice] in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed [in the notice] for the filing of claims." Fed.R.Civ.P. Supp. R. Adm. & Maritime Cl. F(4). "The plaintiff not later than the day of second publication [must] also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." *Id.* "[D]efault judgment will be entered against any potential claimant who has failed to respond to notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complies with the rules and the petitioner complies with Supplemental Rule F(4)." *Matter of Yaeger*, No. 5:21-CV-84-BJB-LLK, 2022 WL 19518556, at *2 (W.D. Ky. July 26, 2022), *report and recommendation adopted*, No. 5:21-CV-84, 2023 WL 2950139 (W.D. Ky. Feb. 15, 2023) (internal citations and quotations omitted).

Here, on February 8, 2023, the Court entered a Notice directing claimants to file claims with the Clerk by March 10, 2023 or face default [Doc. 9, pg. 1]. Hankins then published the notice in the Advocate and Democrat, a publication of Sweetwater, Tennessee in Monroe County, on February 15, 2023; February 22, 2023; March 1, 2023; and March 8, 2023 [Doc. 10-1, pg. 1]. Hankins also mailed copies of the notice and pertinent documents to potential claimants on February 9, 2023 [Doc. 10, pg. 2]. He filed copies of the letters sent to the following potential claimants: the Sequoyah Lake Tellico Resort and Marina where the accident occurred [Doc. 10-2,

4

pg. 1; *see* Doc. 1, ¶ 11], LynAlison Martin [Doc. 10-3, pg. 1], Leslie E. Panfili [Doc. 10-4, pg. 1], Nancy Rippy [Doc. 10-5, pg. 1], Jordan Hankins [Doc. 10-6, pg. 1], and attorney James M. Roth, who purportedly represented Christopher Panfili [Doc. 10-7, pg. 1]. In response to concern expressed by the Court at a status hearing, Hankins later filed an affidavit signed by Christopher Panfili averring that he was aware of the March 10, 2023 deadline to file claims in this Court and chose not to do so knowing that his choice would cut off his future ability to file a claim [Doc. 19-1. ¶¶ 8–11]. Thus, based on the facts in the record, it appears all known potential claimants had notice of this action before the claims deadline lapsed, and that Hankins otherwise complied with Rule F(4).

Accordingly, because Hankins' allegations show he was not at fault in connection with Panfili's injury and Hankins complied with the notice requirements of Rule F, default judgment exonerating him of liability arising out of the accident is appropriate.

### IV. CONCLUSION

For the reasons stated herein, Hankins' Motion for Default Judgment [Doc. 22] is **GRANTED**.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge